UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAY FRANKLIN, | : | Case No. 3:12-cv-74 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | : : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY: (1) ADOPTING THE REPORT AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE (Doc. 12) IN ITS ENTIRETY; (2) OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. 13); (3) REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED; AND (4) REMANDING THIS CASE TO THE FOR PAYMENT OF BENEFITS**

Plaintiff Jay Franklin commenced this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying his applications for Social Security Disability ("SSD") and Supplemental Security Income ("SSI"). On November 29, 2012, Magistrate Judge Michael R. Merz entered a Report and Recommendations (Doc. 12) recommending that the Commissioner's non-disability determination be reversed and the case remanded for payment of benefits. The Commissioner filed objections to the Report and Recommendations of the Magistrate Judge. (Doc. 13). Plaintiff did not respond to the Objections and the time for doing so has expired. The Commissioner's Objections are now ripe for ruling by the Court.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id*.

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a judgment as a matter of law if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988) (citing *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939)).

The second judicial inquiry, reviewing the ALJ's legal criteria, may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Id*. (citing in part *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

Upon *de novo* review of the issues, the Court hereby **ADOPTS** the Report and Recommendations of the Magistrate Judge (Doc. 12) in its entirety, **OVERRULES** Defendant's Objections (Doc. 13), **REVERSES** the ALJ's non-disability finding and **REMANDS** this case to the Social Security Administration for the immediate award of benefits.

**IT IS SO ORDERED**.

Date: 1/11/13

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge